UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL REISER,<br><br>            Plaintiff,<br><br>v.<br><br>CENTRAL FUNERAL HOME OF NEW JERSEY, INC. et al.,<br><br>            Defendants. | Civil Action No. 20-9407 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's renewed motion for default judgment as to Defendants Central Funeral Home of New Jersey, Inc., Blackley Funeral Home & Cremation Service, Inc., and Mi K. Ha. For the reasons that follow, the motion will be granted in part and denied in part.

On December 21, 2020, this Court denied Plaintiff's first motion for default judgment on the ground that the Court did not have before it proof of proper service. Plaintiff had filed a proof of service for each Defendant which states that each Defendant was served at the business address of the funeral home Defendants by leaving a copy with "Aracelis Deville," who, the proof of service states, was "authorized to accept service." This Court found that this was insufficient to establish proper service.

Plaintiff filed amended proofs of service and renewed the motion. The amended proofs of service state that Aracellis Deville is a receptionist. For the two corporate Defendants, this is sufficient to establish proper service. For the individual Defendant, Mi K. Ha, it is not

sufficient. The Complaint states that this action was brought against Defendant Ha individually. The Complaint identifies Defendant Ha as follows: "Upon information and belief, at all times relevant to this Complaint, individual Defendants Mi K. Ha and Bongho Ha have been owners, partners, officers and/or managers of the Corporate Defendant Blackley." (Compl. ¶ 14.) This leaves open the possibility that Defendant Mi K. Ha was an employee of the corporation, rather than an owner or officer.

Plaintiff argues that Defendant Ha was properly served under New Jersey law, citing a number of cases which stand for the uncontroversial proposition that corporate owners or partners in a partnership may be properly served through an agent of the business entity: Bruck v. Gorman, 2015 U.S. Dist. LEXIS 171366, at *1 (D.N.J. Dec. 22, 2015) (service of corporate owners proper via agent at place of business); Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 98 (N.J. Super. Ct. App. Div. 1998) (defendants were corporations, not individuals); O'Connor v. Altus, 67 N.J. 106, 111 (1975) ("For service of process upon a corporation or partnership, there is a two-pronged test . . ."). None of these cases holds that an individual employee, sued in his or her individual capacity, may be properly served by delivery to an agent of the employer at the employer's place of business. The Court finds no basis to conclude that Defendant Mi K. Ha was properly served.

A grant of default judgment requires proof of proper service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) ("We note that if a default judgment had been entered when there had not been proper service, the judgment is, *a fortiori*, void, and should be vacated.") Because this Court has insufficient information to find that the Defendant Mi K. Ha was served in accordance with the requirements of Rule 4, the motion for default judgment will be denied in part.

As to the business entity Defendants, Plaintiff has established proper service. On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true. "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must still be proven.

Because Defendants Central Funeral Home of New Jersey, Inc. and Blackley Funeral Home & Cremation Service, Inc. have defaulted, this Court finds that the allegations in the Complaint as to liability for violations of the Fair Labor Standards Act and the New Jersey Wage and Hour Law are determined to be true. The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendants Central Funeral Home of New Jersey, Inc. and Blackley Funeral Home & Cremation Service, Inc. shall be entered.

This leaves only the question of damages. Plaintiff has submitted an affidavit which provides summary estimates of unpaid hours worked, estimated at 35 hours every week for years. Under New Jersey law, contract damages must be proven "to a reasonable degree of certainty." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993). Plaintiff has not yet met this standard, and the question of damages shall be referred to Magistrate Judge Waldor for determination at a proof hearing.

For these reasons,

**IT IS** on this 23rd day of February, 2021,

**ORDERED** that Plaintiff's renewed motion for entry of default judgment (Docket Entry No. 9), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED** in part and **DENIED** in part, and Judgment by default in favor of Plaintiff is hereby entered against

Defendants Central Funeral Home of New Jersey, Inc. and Blackley Funeral Home & Cremation Service, Inc.; and it is further

**ORDERED** that the matter of judgment damages shall be referred to Magistrate Judge Waldor for a proof hearing; and it is further

**ORDERED** that, as to Defendant Mi K. Ha, the motion for default judgment is **DENIED**.

                                                                          s/ Stanley R. Chesler
                                                                         Stanley R. Chesler
                                                                         United States District judge