UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PAUL REISER, | : | |
| Plaintiff, | : | |
|  | : | Civil Action No. 20-9407 (SRC) |
| v. | : | |
|  | : | **OPINION & ORDER** |
| CENTRAL FUNERAL HOME OF NEW JERSEY, INC. et al., | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on Plaintiff's second renewed motion for default judgment as to Defendant Mi K. Ha. For the reasons that follow, the motion will be granted.

On February 23, 2020, this Court denied Plaintiff's first renewed motion for default judgment, as to Defendant Ha, on the ground that the Court did not have before it proof of proper service. Defendant Ha had been served by personal service on the business entity receptionist, but the Complaint did not definitively allege that Defendant Ha was an officer of the corporate entity, as opposed to an employee of the business. Plaintiff has renewed the motion, this time accompanied by a certified copy of a certificate from the State of New Jersey Department of the Treasury which documents that Mi K. Ha is an officer of the corporate Defendant, Central Funeral Home of New Jersey, Inc. As a corporate officer, Defendant Ha was properly served at the business address of the corporation by leaving a copy with a corporate receptionist.

As to the Defendant Ha, Plaintiff has established proper service. On a motion for default judgment, the well-pleaded facts in the Complaint are accepted as true. "A consequence of the

entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). Damages must still be proven.

Because Defendant Ha has defaulted, this Court finds that the allegations in the Complaint as to liability for violations of the Fair Labor Standards Act and the New Jersey Wage and Hour Law are determined to be true. The motion for default judgment will be granted to the extent that a Judgment by default in favor of Plaintiff and against Defendant Ha shall be entered.

This leaves only the question of damages. Plaintiff has submitted an affidavit which provides summary estimates of unpaid hours worked, estimated at 35 hours every week for years. Under New Jersey law, contract damages must be proven "to a reasonable degree of certainty." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993). Plaintiff has not yet met this standard, and the question of damages shall be referred to Magistrate Judge Waldor for determination at a proof hearing.

For these reasons,

**IT IS** on this 3rd day of March, 2021,

**ORDERED** that Plaintiff's second renewed motion for entry of default judgment (Docket Entry No. 12), pursuant to Federal Rule of Civil Procedure 55(b)(2), is **GRANTED**, and Judgment by default in favor of Plaintiff is hereby entered against Defendant Mi K. Ha; and it is further

**ORDERED** that the matter of judgment damages shall be referred to Magistrate Judge Waldor for a proof hearing.

   s/ Stanley R. Chesler
Stanley R. Chesler
United States District judge